**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**JAVIER JOSE JIMENEZ**,
an individual,
Plaintiff,

Hon.
Case No.

v.

**ROSKAM BAKING COMPANY LLC**
A Domestic Limited Liability Company**,**
Defendant

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Juan Antonio Salazar-Aguero (P85194)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>asalazar@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Javier Jose Jimenez, by and through his attorneys, Avanti Law Group, PLLC, and for his Original Complaint against Defendant, states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action to recover unpaid overtime wages for Defendant's willful and knowing violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Michigan overtime wage law, M.C.L. § 408.931 *et seq.* (the "Michigan Wage Act").

2. Plaintiff was employed by Defendant as an hourly, non-exempt Maintenance Supervisor. Defendant paid Plaintiff overtime for the hours he recorded on Defendant's timekeeping system. In addition to those recorded hours, however, Defendant required and permitted

Plaintiff to perform work "off the clock" responding to work-related telephone calls and text messages from Defendant's employees after his scheduled shift ended for which Defendant did not pay Plaintiff any wages, including the overtime premium owed for hours worked in excess of forty (40) per workweek.

3.Plaintiff reported the uncompensated off-the-clock work to Defendant and requested payment. Defendant acknowledged the work but refused to pay for it, telling Plaintiff the after-hours work was part of his job as a supervisor.

4. Plaintiff further maintains causes of action for breach of contract and unjust enrichment, predicated upon the labor and hours he performed for the benefit of Defendant.

5. Plaintiff seeks a declaration that his rights were violated, an award of his unpaid overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

**JURISDICTION AND VENUE**

6. This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state-law claims share a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

9. At all relevant times, the employees of Defendant Roskam Baking Company, LLC ("Roskam") were (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

10. At all relevant times, Plaintiff, in the course of his employment, was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce.
11. Upon information and belief, Defendant Roskam's annual gross volume of sales made or business done is not less than $500,000.
12. Defendant Roskam employs more than two persons.
13. At all relevant times, Defendant Roskam maintained a place of business located at 5565 Broadmoor Avenue SE, Kentwood, Michigan 49512, within the United States Judicial District for the Western District of Michigan, Southern Division.
14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to the claims pleaded in this Complaint occurred in this District.

**PARTIES**

15. Plaintiff Javier Jose Jiménez is an individual who, at all times relevant to this Complaint, resided in Kent County, State of Michigan.
16. Defendant Roskam Baking Company, LLC, is a domestic limited liability company that has a registered office at 3410 Belle Chase Way Ste 600, Lansing, MI 48911.
17. Defendant Roskam Baking Company, LLC, is a commercial food-manufacturing and baking company that, at all relevant times, operated a facility at 5565 Broadmoor Avenue SE, Kentwood, Michigan 49512, where Plaintiff performed his duties of employment.
18. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g).

19. At all relevant times, Defendant was an "employer" of Plaintiff, and "employed" Plaintiff, within the meaning of the Michigan Wage Act, M.C.L. § 408.932.

**GENERAL ALLEGATIONS**

20. Defendant employed Plaintiff from on or about December 9, 2024, through on or about April 13, 2026.
21. Plaintiff was employed as a Maintenance Supervisor at Defendant's Kentwood facility.
22. Plaintiff was compensated on an hourly basis at a rate of $46.35 per hour.
23. Plaintiff was a non-exempt employee. He recorded his working time using Defendant's timekeeping (punch-in/punch-out) system, and Defendant paid him for the hours he recorded.
24. Although Plaintiff held the title of Maintenance Supervisor, he spent approximately eighty to ninety percent (80–90%) of his working time performing non-managerial manual labor, including performing equipment repairs and completing work orders.
25. Plaintiff was generally scheduled to work a first-shift rotation of eleven (11) days on followed by three (3) days off. His shift was nominally scheduled from 7:00 a.m. to 3:00 p.m., although he typically began his workday at approximately 6:00 a.m.
26. Plaintiff's recorded on-site hours generally ranged from approximately forty (40) to fifty-five (55) hours per workweek, and Plaintiff regularly performed additional labor following the conclusion of his nominal shift.
27. In addition to his recorded on-site hours, Defendant required and permitted Plaintiff to perform work after his scheduled shift had ended. Specifically, Plaintiff regularly received and responded to telephone calls and text messages from Defendant's employees concerning equipment repairs, malfunctions, and scheduling matters.

28. Plaintiff performed this after-hours work remotely, away from Defendant's facility, and Defendant's timekeeping system did not capture it.
29. Defendant did not compensate Plaintiff for the after-hours work described above.
30. Plaintiff reported the uncompensated after-hours work to Defendant's management on two (2) to three (3) occasions and requested compensation for that time.
31. Defendant declined to pay Plaintiff for the after-hours work, telling Plaintiff that responding to calls and texts after hours was "part of the job" as a supervisor. Defendant did not adjust Plaintiff's recorded time or otherwise compensate him for the work.
32. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.
33. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

**WILLFUL VIOLATIONS AND TOLLING OF THE STATUTE OF LIMITATIONS**

1. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendant knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.
2. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendant knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

3. Defendant is a sophisticated business with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.
4. Defendant actively misled Plaintiff into believing that he was not entitled to an overtime premium throughout his entire employment.
5. Defendant also failed to post the minimum and overtime wage notices required under Michigan state and U.S. Department of Labor regulations.
6. Plaintiff did not have actual or constructive knowledge of his right or entitlement to an overtime premium.
7. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fees.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME**

41. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.
42. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).
43. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).
44. At all relevant times, Defendant "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).
45. The FLSA requires an employer to pay a non-exempt employee an overtime premium of one and one-half times the employee's regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a)(1).

46. Defendant suffered or permitted Plaintiff to perform after-hours work in workweeks in which Plaintiff already worked forty (40) or more hours, and failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for that work, in violation of 29 U.S.C. §§ 207(a)(1) and 215(a).

47. Defendant's violations of the FLSA were knowing and willful.

48. As a direct and proximate result of Defendant's violations, Plaintiff is entitled to his unpaid overtime wages, plus an additional equal amount in liquidated damages, together with costs and reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*,**
**FAILURE TO PAY OVERTIME**

49. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

50. At all relevant times, Defendant was an "employer," and Plaintiff was an "employee," within the meaning of the Michigan Wage Act, M.C.L. § 408.932.

51. At all relevant times, Defendant "engaged, suffered, or permitted" Plaintiff to work, and thus "employed" Plaintiff, within the meaning of the Michigan Wage Act, M.C.L. § 408.932.

52. The Michigan Wage Act requires an employer to pay an employee an overtime premium of one and one-half times the employee's regular rate of pay for hours worked in excess of forty (40) per workweek. M.C.L. § 408.934a.

53. By failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for after-hours work performed in workweeks in which he worked in excess of forty (40) hours, Defendant violated the Michigan Wage Act, M.C.L. § 408.931 et seq.

54. As a direct and proximate result of Defendant's violations, Plaintiff is entitled to his unpaid overtime wages, together with such damages, costs, and reasonable attorney's fees as are available under the Michigan Wage Act.

**COUNT III**
**BREACH OF CONTRACT**

55. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.
56. Defendant agreed to compensate Plaintiff at an hourly rate of $46.35 for the work Plaintiff performed for Defendant.
57. Plaintiff performed the after-hours work described above at Defendant's direction and for Defendant's benefit.
58. Defendant failed to compensate Plaintiff at the agreed rate for all of the hours Plaintiff worked, including the after-hours work.
59. Defendant thereby breached the parties' agreement.
60. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including the loss of wages for the hours he worked but was not paid.

**COUNT IV**
**UNJUST ENRICHMENT**

61. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.
62. Plaintiff provided valuable services to Defendant by performing after-hours work at Defendant's direction.
63. Defendant received and accepted the benefit of those services.
64. Defendant has retained the benefit of Plaintiff's services without paying Plaintiff for them.

65. Under the circumstances, it is inequitable for Defendant to retain the benefit of Plaintiff's services without compensating Plaintiff.

66. Plaintiff is entitled to restitution in the amount of the reasonable value of the services he provided to Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

A. Declaring that Defendant's conduct complained of herein violated the FLSA, 29 U.S.C. § 201 et seq.;

B. Declaring that Defendant's conduct complained of herein violated the Michigan Wage Act, M.C.L. § 408.931 et seq.;

C. Awarding Plaintiff his unpaid overtime wages, together with an equal amount in liquidated damages;

D. Awarding Plaintiff his actual damages arising from Defendant's breach of contract and, in the alternative, restitution for Defendant's unjust enrichment;

E. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b);

F. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to the Michigan Wage Act;

G. Awarding pre- and post-judgment interest as permitted by law; and

H. Granting such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group, PLLC

**DEMAND FOR TRIAL BY JURY**

Plaintiff, by and through his attorneys, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group, PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 08/08/2026

/s/ Javier Jose Jimenez

Javier J. Jimenez Mayans